UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DON M. ANDREWS, JR.                                          CIVIL ACTION

VERSUS                                                       NUMBER: 15-2639

WARDEN LONGINO, ET AL.                                       SECTION: "F"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Don M. Andrews, Jr., against Defendants, Warden Longino of the St. Tammany Parish Jail ( "STPJ"), Ty Poyntr, Officer Hooker, Sergeant Cassidy, Officer Yolis, STPJ itself, Officer Hackabarth, and the collective medical staff at STPJ.  (Rec. doc. 1, pp. 1, 3).

Plaintiff is an inmate of the Federal Correctional Institute ("FCI") in Pollock, Louisiana, who is serving a total jail term of 240 months after pleading guilty to conspiracy, arson, wire and mail fraud, and related offenses in the matter entitled *USA v. Andrews*, No. 12-CR-266 "E"(2) on the docket of this Court.  During the pendency of that criminal proceeding, Plaintiff was temporarily housed at STPJ where the conditions of confinement of which he complains herein allegedly existed.  In that regard, Plaintiff alleges as follows:

> From October 2014 thru January 2015 I sometime[s] went to bed w/o any supper.  I was placed on the left side of the hallway by myself in isolation.  Sgt. Cassidy and I had a disagreement about me going to Warden Longino or telling the Feds what the officer in this jail house had already done to me.  My outgoing mail went out every other week.  They stated "they couldn't find a key and for my supper they said they forgot (sometimes).

(Rec. doc. 1, pp. 3-4).

In his prayer for relief, Plaintiff seeks an unspecified amount of compensatory damages and that "… this report gets to the Warden."  (Rec. doc. 1, p. 4).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Before proceeding to the specific conditions of confinement complained of by Plaintiff, the Court pauses to point out a number of shortcomings in Andrews' pleadings that are common to most, if not all, of his allegations. First, Plaintiff gives no indication in his complaint of the capacity(ies) in which the named Defendants are being sued. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff ". . . must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing

2

*Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against these standards, Plaintiff's allegations against the named Defendants in their official capacity fail to state a claim upon which relief can be granted as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. With the exception of his interaction with Sergeant Cassidy, Plaintiff's allegations against the remaining Defendants are also insufficient to hold them liable in their individual capacity because the set of facts that he enunciates does not illustrate each Defendants' participation in the alleged wrongs. *Jacquez v. Proeunier*, 801 F.2d 789, 793 (5th Cir. 1986). Personal involvement is an essential element of a civil rights cause of action, *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), and a plaintiff must allege specific facts and conduct which give rise to the constitutional claims. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Supervisory officials like the Warden "… cannot be held liable for federal civil rights violations allegedly committed by his associates based merely on a theory of strict liability or vicarious liability." *Carter*, 2009 WL 3231826 at *1 (footnotes omitted). Finally, with respect to Defendant, STPJ, that facility is a building, not an entity or a person who is capable of being sued under §1983. *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545, 548-49 (E.D. La. 2009); *Jones v. St. Tammany Parish Jail*, 4 F.Supp. 2d 606, 613 (E.D. La. 1998).

The foregoing deficiencies notwithstanding, Plaintiff's first claim in this matter is that from October of 2014 through January of 2015, he "sometime[s]" went to bed without taking in an evening meal, the proffered explanation for that omission being that "… they

3

forgot (sometimes)." To that extent that Plaintiff's first claim can be read as alleging that he was not provided an evening meal due to mere carelessness or oversight on the part of jail officials, he presents a claim sounding in the nature of negligence which is not actionable under §1983. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). In terms of diet, the law is clear that a prison must provide "its prisoners with reasonably adequate food ... to satisfy constitutional requirements." *Green v. McKaskle*, 788 F.2d 1116, 1126 (5th Cir. 1986). A prison diet is reasonably adequate when it contains sufficient nutritional value to preserve health. *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986). In *Green*, for example, the court held that two meals per day for each prisoner was sufficient even though experts had recommended three separate meals per day. *Id.* at 770-71.

Plaintiff does not allege that the prison diet that he was otherwise served at STPJ lacked sufficient nutritional value or that he suffered any medical problems as a result of not being furnished an evening meal on occasion. In any event, the failure to provide Plaintiff with one or even several meals presents no constitutional violation. *Hill v. Gusman*, No. 06-CV-0527, 2006 WL 3760454 at *4 (E.D. La. Dec. 18, 2006)(and cases cited therein).

Next, Plaintiff complains of his housing assignment in that he was "... placed on the left side of the hallway by myself in isolation." As with his first claim, this claim is unavailing, as the law is clear that decisions regarding the classification and housing of inmates are entrusted to prison officials in the first instance. *See Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008)(quoting *Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir.), *cert. denied sub nom*. 540 U.S. 966, 124 S.Ct. 432 (2003) and *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990)). In general, a prisoner has no liberty interest in his

custodial classification. *Id*. (citations omitted). Only when a prisoner demonstrates "extraordinary circumstances" may he maintain a due-process challenge to a change in his custodial classification, *id.*, and only those conditions which impose "... atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life ..." will implicate the protections of the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Even a prisoner's placement in extended lockdown is generally not sufficiently atypical or such a significant hardship to state a claim of constitutional dimensions. *Hanna v. Maxwell*, 415 Fed.Appx. 533, 536-37 (5th Cir. 2011); *Fisher v. Wilson*, 74 Fed.Appx. 301, 302 (5th Cir. 2003); *Bannister v. Deville*, 211 F.3d 593, 2000 WL 329244 at *1 (5th Cir.)(table), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248 (1983). In light of these authorities, Plaintiff's claim regarding his being housed in a cell by himself fails to rise to constitutional magnitude.

    Next, Plaintiff alleges that he had a "disagreement" with Sergeant Cassidy about reporting to Warden Longino or federal authorities what appears to have been some undescribed interaction that Plaintiff had experienced with some other unidentified correctional official. Plaintiff does not allege that there was any physical contact between himself and Sergeant Cassidy and the law is clear that mere verbal abuse or threatening language and gestures of a correctional officer do not, even if true, amount to constitutional violations. *Harvey v. Stalder*, 130 Fed.Appx. 654 (5th Cir. 2005); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983).

    In his fourth claim herein, Plaintiff complains that his outgoing mail "went out every other week," for which prison officials offered as an explanation that "they couldn't

5

find a key." Negligence in the transmission or even loss of a prisoner's mail is not actionable under §1983, *Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir. 1988), and absent an allegation that Plaintiff's mail was censored or that his position as a litigant was prejudiced by the delay in the processing of his mail, he has failed to state a claim upon which relief can be granted under §1983. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993).

Finally, as Plaintiff makes no showing of having suffered a physical injury while he was housed at STPJ, his request for compensatory damages is untenable, as damages for mental or emotional injury suffered while in custody are not recoverable under §1983. 42 U.S.C. §1997e(e). Feelings of fear and anxiety do not qualify as physical injuries under §1997e(e). *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this   1st   day of           September           , 2015.

                                                  MICHAEL B. NORTH
                                     UNITED STATES MAGISTRATE JUDGE